■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENRICK GIBSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Levine, J.), rendered December 13, 1984, convicting him of criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Ordered that judgment is reversed, on the law and the facts, the indictment is dismissed, and the case is remitted to the Supreme Court, Kings County, for the purpose of entering an order in its discretion pursuant to CPL 160.50.

When a defendant's conviction is based, as here, entirely upon circumstantial evidence of his guilt, the standard of proof is that the facts upon which the inference of guilt is to be drawn must be established and not left to conjecture, that the inference of guilt is the only one that can fairly and reasonably be drawn from the facts, and that any other explanation is fairly and reasonably excluded. If the facts permit the jury to draw two reasonable inferences, one which points to a defendant's guilt and the other to his innocence, the jury is required to draw the inference pointing to innocence (see, e.g., People v Way, 59 NY2d 361, 365; People v Gonzalez, 54 NY2d 729, 735; People v Kennedy, 47 NY2d 196; see also, PJI 1:70). This standard has not been met in the instant case, and the People have therefore failed to prove the defendant's guilt beyond a reasonable doubt.

The evidence revealed that in the early morning hours of July 8, 1983, Tony Mathis, a codefendant, was running from house to house attempting to hide from what he claimed were men with machine guns who were trying to kill him. At one point he contacted the defendant, who agreed to let him stay at his apartment for the night. Mathis, carrying a duffel bag and two shopping bags, went with the defendant to his apartment at about 6:45 A.M., and the defendant left shortly thereafter. At about 10:35 A.M., the police began receiving emergency phone calls from Mathis claiming that men with machine guns were trying to kill him. The police arrived at defendant's building twice but saw no such men. They then knocked on the door of the defendant's apartment but had to wait 10 minutes, during which they heard much commotion from inside the apartment, before Mathis answered. When Mathis finally opened the door he was soaking wet and screaming hysterically that men were trying to kill him. The police entered, found no other persons, but saw overturned furniture, general disarray, water faucets running full force in the bathroom, and two plastic bags containing in excess of four ounces of heroin on the floor by the toilet. They also found other contraband scattered about the apartment. The defendant denied owning any of the contraband or knowing that it was in his apartment, and claimed that he did not know or see what was in Mathis's luggage. There was no evidence to demonstrate the contrary. Upon this evidence, a rational trier of fact could not have fairly and reasonably excluded the perfectly reasonable hypothesis that a disturbed and irrational Mathis, fleeing from possibly imaginary demons, brought his own contraband to the defendant's apart-

ment without the defendant's knowledge. As this inference pointed to the defendant's innocence, the jury was required to draw it and could not find the defendant guilty. Mangano, J. P., Brown, Niehoff and Eiber, JJ., concur.